**Show Ching LIN, Petitioner,**

**v.**

Alberto R. GONZALES,* United States Attorney General, Respondent.

No. 04–2696–AG.

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Raymond F. Miller, William J. Nardini, Assistant United States Attorneys, New Haven, Connecticut, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable JOSÉ A. CABRANES, and Honorable ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DENIED.

Petitioner Show Ching Lin, through counsel, petitions for review of the April 26, 2004 BIA decision ("BIA Order") which affirmed (a) the February 18, 1999 decision ("1999 IJ Decision") of an immigration judge ("IJ") denying asylum and withholding of removal, and (b) the November 13, 2002 decision ("2002 IJ Decision") of an IJ denying relief under the Convention Against Torture ("CAT"). We assume the

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

parties' familiarity with the underlying facts and procedural history.

Lin contends (1) that the BIA improperly upheld the 2002 IJ Decision denying relief under CAT, and (2) that the BIA should have remanded the proceedings to an IJ for consideration of her applications for asylum and withholding of removal based on her fear of being sterilized because she is the mother of two United States-born children.

In order to be eligible for CAT relief, Lin was required to show that it was more likely than not that she would be tortured if she were to return to China. *See* 8 C.F.R. § 208.16(c)(2); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir. 2003). We review the IJ's applications of law *de novo*. *See, e.g., Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir. 2004). We review the factual findings of the IJ and the BIA under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Attorney General*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

 Lin's initial applications for relief from removal were based on her testimony that she had fled China because she had been ordered to report shortly before her 18th birthday for an examination into whether she had begun menstruation, and she had had a friend whom such an examination had caused to cry interminably. In addition, following a remand by the BIA for consideration of Lin's claim under CAT, Lin "testified essentially that she fears returning to China because she would be sterilized upon return because she has two children." (2002 IJ Decision

at 1–2.) Finding that Lin had presented "no information . . . to the Court to indicate that people who have U.S. born children would be sterilized upon return to China because they have exceeded the one child policy in China" (2002 IJ Decision at 2–3), and "[n]o evidence . . . to equate the fear of future sterilization with that of torture" (2002 IJ Decision at 2), the IJ concluded that Lin "ha[d] not met her burden of demonstrating that she would be more likely than not tortured upon return to China" (2002 IJ Decision at 3). We are not persuaded that any reasonable adjudicator would be compelled to conclude, contrary to the IJ's finding, that Lin made a factual showing that would warrant relief under CAT, and we see no error in the IJ's application of the law.

 Nor do we find merit in Lin's contention that the BIA should have remanded for consideration of her asylum and withholding of removal applications in light of her having given birth to two children in the United States. We note that Lin does not contend here that there is any basis for challenging the 1999 IJ Decision denying asylum and withholding of removal. Nor did Lin move before the BIA to reopen the proceeding leading to the 1999 IJ Decision. Rather, she apparently contends that the BIA should have ordered the reopening of that proceeding *sua sponte* and that it failed to do so because "the BIA overlooked the important circumstance that LIN's circumstances had changed considerably, . . . as she was now the mother of two United States Citizen children." (Lin brief in support of petition for review at 12.) Although it is within the discretion of the BIA to order a reopening of the proceedings *sua sponte, see* 8 C.F.R. § 1003.2(a), we see no abuse of discretion in its failure to do so here, and no indica-

tion that the BIA overlooked the fact that Lin had given birth to two children. To the contrary, the BIA expressly noted in its decision that, in the proceedings "[u]pon remand, [Lin] put forth a new claim regarding her fear of returning to China. Specifically, the respondent claimed that she now fears returning to China because she has given birth to two children in the United States." (BIA Order.) In its decision, the BIA affirmed the denials of asylum, withholding of removal, and relief under CAT, and it stated that Lin had "failed to raise any arguments which were not addressed by the Immigration Judges, in their respective decisions, or which would cause [the BIA] to overturn the Immigration Judges' decisions." (*Id.* (emphasis added).) We are not persuaded that the BIA overlooked Lin's new circumstances or that its refusal to remand for further asylum and withholding proceedings was arbitrary or capricious.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

Lin's pending motion for a stay of removal is denied as moot.